

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2002

# DeFoy v. McCullough

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2832

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"DeFoy v. McCullough" (2002). *2002 Decisions.* Paper 738.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/738

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2832
_____

ROBERT DEFOY,

Appellant

v.

JOHN MCCULLOUGH, Superintendent,
of SCI Houtzdale; D. MICHAEL FISHER,
Attorney General of Pennsylvania

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 98-cv-01492)
District Judge:  The Honorable A. Richard Caputo


_____


Submitted Under Third Circuit LAR 34.1(a)
October 28, 2002

BEFORE: NYGAARD, GARTH, and  MICHEL,  Circuit Judges.



(Filed: November 15, 2002)


_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.
        Appellant Robert DeFoy appeals the June 18, 2001 order of the District
Court, which denied Mr. DeFoy's request for habeas corpus relief. In state court, Robert
was convicted of statutory rape, corruption of minors, and involuntary sexual deviate
intercourse involving his minor step-daughter, Deanna. Robert's former wife, Gloria
DeFoy, participated in the corruption of Deanna through involving her in sexual acts with
her and Robert. She pled guilty to the charge of corruption of minors and testified against
Robert at trial. Robert's trial counsel failed, however, to request an accomplice jury
instruction, i.e., that Gloria's testimony should be viewed as coming from a corrupt
source and weighted accordingly.
        We granted DeFoy a certificate of appealability, pursuant to 28 U.S.C.
 2253(c), limited to whether his trial counsel was ineffective for not requesting a jury
instruction on the accomplice testimony of his former wife who testified against him and
whether his appellate counsel was ineffective for not appealing the lack of such
instruction. We will affirm.

The facts and prior procedure of this case are known to the parties and counsel. The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 provides the applicable standard of review for reviewing state court judgments in federal habeas corpus petitions. Essentially, under the AEDPA the petitioner must show that the state court proceedings either resulted in a decision that involved as unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. 2254(d); see also Scarbrough v. Johnson, 300 F.3d 302, 305-06 (3d Cir. 2002). In this case, because Robert claims that his trial and appellate counsel were ineffective, the question is whether the state decision denying Robert's ineffective assistance of counsel claim was contrary to Strickland v. Washington, 466 U.S. 668 (1984).

The District Court agreed with the state court decision on ineffective assistance of counsel that "counsel's failure to request such a charge did not prejudice petitioner to the extent that it is likely the result would have been different absent such an error." By so holding, the District Court confirmed that the state court's decision did not involve an unreasonable interpretation of Strickland. The District Court similarly found that there was ineffective assistance of counsel, but that counsel's failure to request the accomplice charge did not prejudice DeFoy to the extent that it is likely the result would have been different absent the error. We agree. The District Court ably points out how DeFoy fails to show how he was prejudiced. The complainant's testimony presented more than sufficient evidence for the jury to find DeFoy guilty, and the testimony of the accomplice, Gloria DeFoy, merely corroborated that of her daughter, the victim. In addition, during cross-examination of Gloria DeFoy, DeFoy's counsel raised several possible motives for her testimony, including that she may receive leniency at her sentencing in exchange for her testimony. And finally, the trial court gave extensive instructions concerning the credibility of witnesses, including the witnesses' interest in the outcome of the case and any possible bias, prejudice, or motives that may have affected their testimony.

In sum, whatever deficiencies there may have been in counsel's performance, did not affect the outcome of the trial. We will affirm.

---

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge